## ALMON M. ORCUTT *vs.* LAFAYETTE RANNEY.

Since the Rev. Sts. *c.* 90, § 44, a personal action against a former inhabitant of the state, who is absent at the time of service, will not be dismissed for want of jurisdiction, if a summons was duly left at his last and usual place of abode in this state.

In an action of slander, for charging the plaintiff with fornication, while a medical student in the city of New York, the defendant having attempted to prove the charge to be true, evidence is not competent for the plaintiff in rebuttal, " that he was at the time in straitened pecuniary circumstances, and had hardly the means of supporting himself."

THIS was an action of slander, for charging the plaintiff with adultery and fornication. In the court of common pleas, the defendant moved to dismiss the action for insufficient service, and the following facts were agreed : The defendant was formerly an inhabitant of Hardwick, in this county, but had removed to New York city, previous to the commencement of the suit. A summons was duly left at his last and usual abode in Hardwick, but no actual attachment of his property was made. After the entry of the action, notice thereof was published in a newspaper, as is usual in cases of absent defendants. Upon these facts, *Merrick*, J. in the court of common pleas, dismissed the action, and the plaintiff appealed to this court.

*P. E. Aldrich*, for the plaintiff.

*F. H. Dewey*, for the defendant.

BY THE COURT. This case is decisively settled by the recent cases of *Morrison* v. *Underwood*, 5 Cush. 52, and *Tilden* v. *Johnson*, 6 Cush. 354. The defendant had a last and usual place of abode in the town of Hardwick ; was duly served with process by a summons left at that place, and by force of the Rev. Sts. *c.* 90, §§ 44, 45 ; this was a good service to give the court jurisdiction.

*Motion to dismiss overruled ; case remitted to the court of common pleas.*

At the December term of the court of common pleas for this county, 1852, the case was tried before *Hoar*, J. when the defendant relied upon the truth of the charges, as a justification. He introduced evidence, tending to show, that the

plaintiff, while attending medical lectures in the city of New York, had repeatedly boasted of his frequent and constant visits to houses of ill fame in the city of New York, (on one occasion paying for the liquor drunk by the company there,) and of his habits of profligacy and debauchery there, and in other places in which he had previously lived.

The plaintiff, to rebut this evidence, introduced evidence to show, " that from his youth up, his character had been wholly without reproach ; that those who had known him most intimately, had never known him guilty of any immoral or licentious conduct, or by word or act to indicate any licentious taste or inclination ; that during the five months which he spent in New York, he was very diligent in his professional studies ; that he was constant in his attendance on the lectures during the day, and passed his evenings constantly in writing out his notes of lectures and studying the subjects treated in them ; that neither his room-mate nor most intimate friends knew him to be out at any unseasonable hours, nor on any occasion, to indicate, by word or act, any licentious habit or disposition ; that he graduated with distinguished honors, and that but on a single occasion was he known to attend even one of the ordinary places of public amusement ; and in connection with this evidence, proposed to prove that when he went to the city of New York, and during his residence there, he was in straitened pecuniary circumstances, and had hardly the means of supporting himself while pursuing his professional studies, and was therefore without the means, if he had had the taste, for licentious indulgence ;" to the introduction of which last testimony the defendant objected, but the presiding judge overruled the objection, and admitted the evidence. The jury having returned a verdict for the plaintiff, the defendant excepted to the foregoing ruling.

*A. A. Ranney,* for the defendant.

*P. E. Aldrich,* for the plaintiff.

BY THE COURT. We are of opinion that evidence that the plaintiff, a student of medicine in the city of New York, " was in straitened pecuniary circumstances, and had hardly the means of supporting himself," was not admissible for the

purpose of showing that he could not have had "the means" of vicious indulgence. We cannot doubt that such a man, in such a place, might readily find other means than money, which would enable him to commit the acts charged on him by the defendant. We merely state our opinion on the point It is not a topic for discussion.

*New trial in the court of common pleas.*